## Edward N. Cooper

### v.

## Jonathan E. I. G. Cooper.

*Wages—Exchange of Property—Payment—Burden of Proof—Evidence —Instructions—Practice.*

1. In an action to recover an amount claimed as wages and the purchase price of a tract of land that was to have been paid for with chattel property, it is *held:* that the evidence sustains the verdict for the plaintiff; that

Cooper v. Cooper.

there was no error in the admission of evidence; and that the burden of showing payment was on the defendant.

2.   This court will not reverse because of the admission of the record of a mortgage in evidence, there having been no offer to produce the original, where the objection at the trial was merely general.

[Opinion filed November 30, 1888.]

APPEAL from the Circuit Court of Clark County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GOLDEN & HAMILL, for appellants.

Mr. S. S. WHITEHEAD, for appellee.

*Per Curiam.*   This was a suit brought by appellee against appellant to recover an amount claimed to be due for wages, and also for the purchase price of a tract of land sold by the latter to the former, and to be paid for with mules and other articles of chattel property.   There was a verdict and judgment for appellee of $100.

We have carefully examined the evidence and are satisfied that it fully sustains the finding of the jury.

It is urged that the court erred in permitting appellee upon the trial to show the size and value of the mules received by him in the land trade, for the reason that "the only basis of recovery on that branch of the case must have been the value of the specific articles not received by the appellee and not delivered by the appellant."

This would be true if no dispute had arisen as to what articles were to be taken by the original contract made between the parties, but there was such dispute, and we think the evidence was proper in order to assist the jury in determining what was the original agreement, and which one of the parties was giving the correct version of it.   It is urged that the court erred in admitting in evidence the record of a mortgage without any offer to produce the original.

Upon referring to the record we find a general objection without in any way indicating the nature and character of the

objection to the evidence offered. There was no error in this. Neither was there error in the court instructing the jury that when appellee had shown by a preponderance of the evidence that he worked for appellant he would be entitled to recover unless appellant could show by a preponderance of the evidence that he had paid for such work.

The burden of proof rests upon the party asserting an affirmative proposition. The appellee asserted that he had worked for appellant and that there was due him therefor a certain amount. To meet and defeat such a proposition, appellant sought to show under his plea a general issue, as he properly might, that he had made full payment therefor. Such an assertion so made by the appellant would be an affirmative one upon his part, and he would be required to sustain it by a preponderance of the evidence.

The court instructed the jury that "If you are satisfied appellee sold appellant land to be paid for in certain things, the appellant must show that he paid for it," and it is insisted such instruction violates the rule that when a deed offered in evidence by a plaintiff in a suit recites the full payment of the consideration, it is *prima facie* evidence of the fact.

The deed in this case recited the consideration to have been paid in money, but the evidence disclosed that it was not to be money but articles of personal property, and when that fact appeared we think the burden of showing that such articles had been delivered in accordance with the terms of the contract would devolve upon appellant.

Finding no substantial error in the record, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*